**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORA L. JOST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.      14-cv-1347 |
| | ) | |
| GATEWAY MORTGAGE GROUP, LLC | ) | |
| d/b/a GATEWAY MORTGAGE GROUP | ) | |
| OF MISSOURI LLC, and JOHN KROOT | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER**

Defendant Gateway Mortgage Group, LLC d/b/a Gateway Mortgage Group of Missouri LLC ("Gateway") and Defendant John Kroot ("Kroot") (collectively, "Defendants") provide the following Answer to the Petition of Plaintiff Deborah L. Jost.

**NATURE OF THE CLAIM**

1.     This Petition is brought pursuant to the Missouri Human Rights Act, §213.010 and §213.055 RSMo, et seq. of which this Court has jurisdiction.

**ANSWER:     Defendants admit Plaintiff purports to bring this action pursuant to the Missouri Human Rights Act and that this Court has jurisdiction for that reason. Further answering, Defendants deny they engaged in any conduct giving rise to this action and/or jurisdiction. Defendants deny any and all remaining allegations in Paragraph 1.**

2.     Plaintiff Debora L. Jost (hereinafter "Jost") is an individual who, at the time of this action, resided within St. Charles County, State of Missouri.

**ANSWER:     Defendants admit the allegations in Paragraph 2 upon information and belief.**

3. Defendant Gateway Mortgage Group, LLC d/b/a Gateway Mortgage Group of Missouri, LLC (hereinafter "Gateway") is a Mortgage Broker with its office located at 1 McBride & Son Center Drive, Suite 100, Chesterfield, St. Louis County, Missouri.

> **ANSWER: Defendants admit Gateway is a mortgage banker that formerly operated a location at 1 McBride & Son Center Drive, Suite 100, in Chesterfield, Missouri. Defendants deny any and all remaining allegations in Paragraph 3.**

4. Defendant John Kroot (hereinafter "Kroot") is an individual who at the time of this action was employed by Defendant Gateway, with its office located at 1 McBride & Son Center Drive, Suite 100, Chesterfield, St. Louis County, Missouri.

> **ANSWER: Defendants admit Gateway employed Kroot and that Gateway formerly operated a location at 1 McBride & Son Center Drive, Suite 100, in Chesterfield, Missouri. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4 and, therefore, deny the same.**

5. Venue is proper pursuant to §508.010 RSMo. (1994), because both Jost and Defendants were acting in the capacity of employee and employer, and agent of the employer within the County of St. Louis, State of Missouri; all acts alleged herein occurred within the County of St. Louis, State of Missouri.

> **ANSWER: Defendants admit Plaintiff claims venue is proper in this Court for the reasons stated in Paragraph 5. Further answering, Defendants deny they engaged in any conduct giving rise to such venue. Defendants deny any and all remaining allegations in Paragraph 5.**

## STATEMENT OF CLAIM

6. All conditions precedent to the institution of this lawsuit have been fulfilled. The Plaintiff timely filed her charge of discrimination on May 6, 2013, with both the Missouri Commission on Human Rights, (MCHR) and the Equal Employment Opportunity Commission,

(EEOC) for discriminatory acts based upon sex, that being female, occurring on or about November 12, 2012. (Exhibit 1, attached hereto).

> **ANSWER:** **Defendants admit Plaintiff filed a charge of discrimination with the MCHR and the EEOC alleging specific acts of discrimination. Defendants deny any and all remaining allegations in Paragraph 6. Further answering, Defendants deny they engaged in any discriminatory actions toward Plaintiff.**

7. On March 3, 2014 Jost received her Right to Sue letter from the Missouri Commission on Human Rights and has instituted this action within ninety-days (90) of receipt thereof. (Exhibit 2, attached hereto).

> **ANSWER:** **Defendants admit Plaintiff attached to her Petition as Exhibit 2 a Notice of Right to Sue from the MCHR, dated March 3, 2014. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7 and, therefore, deny the same.**

8. Jost began her employment with Gateway on or about February, 2012 as a non-producing branch manager in Chesterfield, Missouri. Her duties included, constructing the office, hiring a sales and operations team, and networking for clients. She was to report to Kroot on all matters concerning the Chesterfield branch.

> **ANSWER:** **Defendants admit Plaintiff began her employment with Gateway in or around February 2012, and that Gateway hired her for a Branch Manager position in Chesterfield, Missouri. Further answering, Defendants admit Plaintiff reported to Kroot as her supervisor and that her duties included, but were not limited to, assisting in opening a new branch site, hiring/supervising a sales and operations team, and selling/closing loans. Defendants deny any and all remaining allegations in Paragraph 8.**

9. At the time Jost was hired the exact location of the Chesterfield office had not been determined.

> **ANSWER:** **Defendants admit the allegations in Paragraph 9.**

10.     At the time Jost was hired, Gateway had another branch in St. Charles, Missouri. The St. Charles branch manager was Craig Wania ("Wania").

**ANSWER:     Defendants admit the allegations in Paragraph 10.**

11.     Wania had the same responsibilities and duties as Jost, however, Wania was never required to construct an office or hire a sales and operations staff.

> **ANSWER:     Defendants admit Gateway employed Wania as a Branch Manager with the same or similar responsibilities as Plaintiff. Defendants deny any and all remaining allegations in Paragraph 11.**

12.     Jost complied with the terms of her employment by constructing an office in Chesterfield, Missouri. Jost also hired a sales and operations staff, and began obtaining clients. The branch became operational in late July, 2012.

> **ANSWER:     Defendants admit Plaintiff assisted in opening the Chesterfield, Missouri branch location, which became operational in or around July 2012. Defendants deny any and all remaining allegations in Paragraph 12.**

13.     Jost had several meetings, with Kroot, in the months after she was hired to determine the Chesterfield branch sales goals. Kroot never provided the branch sales goals. Not until late in September, 2012 was Jost advised by the Regional Vice President the sales goals were two million each month.

> **ANSWER:     Defendants admit Kroot had several meetings with Plaintiff to discuss the Chesterfield branch's sales goals and performance. Defendants deny any and all remaining allegations in Paragraph 13.**

14.     During the meetings, Kroot would make derogatory comments regarding women. In particular, Kroot's commented, the office needed more testosterone, there were too many girly things in the office, the office needed some manly things, bleach fries women's brains and women were too dumb to be in his business. Kroot wanted to know why a pregnant women was hired. Kroot also, commented that his boss was the type of guy who needed to be stroked.

**ANSWER:** **Defendants deny the allegations in Paragraph 14. Further answering, Defendants specifically deny they (or Kroot, specifically) have made gender-related comments in the work environment.**

15.     Jost contacted Sherron Gomez, Vice President of Branch Support, Dane Basharn, Regional Vice President and Joe Dillard, Human Resources Director, and advised all of the sexually harassing comments made by Kroot. No action was taken.

**ANSWER:** **Defendants deny the allegations in Paragraph 15. Further answering, Defendants specifically deny they (or Kroot, specifically) have made gender-related comments in the work environment.**

16.     On November 12, 2012 Jost was terminated by Kroot and replaced by Wania. Kroot told Jost she was replaced because of lack of production.

**ANSWER:** **Defendants admit Gateway terminated Plaintiff's employment in November 2012 based on work performance issues that included lack of production. Further answering, Defendants admit Wania took over Plaintiff's responsibilities for the Chesterfield, Missouri branch. Defendants deny any and all remaining allegations in Paragraph 16.**

17.     Wania never had two million in sales and in the month prior to Jost's termination the Chesterfield branch sales exceeded the St. Charles branch sales.

**ANSWER:** **Defendants deny the allegations in Paragraph 17.**

18.     Wania is a male who is younger than Jost.

**ANSWER:** **Defendants admit the allegations in Paragraph 18 upon information and belief.**

19.     At no time did Kroot discuss the sales goals for the Chesterfield branch.

**ANSWER:** **Defendants deny the allegations in Paragraph 19.**

## COUNT I

### (Violation of MHRA-Sexual Discrimination)
### (Disparate Treatment)

20.     Jost hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

> **ANSWER:** **Defendants incorporate by reference their Answers to Paragraphs 1 through 19 as if fully set forth herein.**

21.     The conduct of the Defendants, as alleged above, affected a term, condition or privilege of Jost's employment.

> **ANSWER:** **Defendants deny the allegations in Paragraph 21. Further answering, Defendants deny they engaged in any discriminatory actions toward Plaintiff.**

22.     The disparate treatment of Jost, as practiced by the Defendants and its employees, as alleged above was of a disparate and sexually discriminatory nature.

> **ANSWER:** **Defendants deny the allegations in Paragraph 22. Further answering, Defendants deny they engaged in any discriminatory actions toward Plaintiff.**

23.     The sexual discrimination of the Jost by the Defendants, and its employees, as alleged above, was sufficiently pervasive and severe to create a discriminatory environment for Jost.

> **ANSWER:** **Defendants deny the allegations in Paragraph 23. Further answering, Defendants deny they engaged in any discriminatory actions toward Plaintiff.**

24.     The conduct of the Defendant and its employees, as alleged above, was engaged in while in the scope of, and during their course of employment.

> **ANSWER:** **Defendants deny the allegations in Paragraph 24. Further answering, Defendants deny they engaged in any discriminatory actions toward Plaintiff.**

25.     The conduct of the Kroot, as alleged above, was engaged in while in the scope of, and during his course of employment.

> **ANSWER:** **Defendants deny the allegations in Paragraph 25. Further answering, Defendants deny they engaged in any discriminatory actions toward Plaintiff.**

26.     Defendants Gateway and Kroot were fully informed, or should have been fully informed, to have had sufficient knowledge of the material facts and circumstances relevant to the conduct of Defendants and its employees, and did nothing to prevent further acts of misconduct, acquiesced in, approved and ratified the actions of its employees, and is therefore liable for the actions of their employees.

> **ANSWER:   Defendants deny the allegations in Paragraph 26. Further answering, Defendants deny they engaged in any discriminatory actions toward Plaintiff.**

27.     The conduct of the Defendants and its employees, as alleged above constitutes sexual discrimination in violation of Jost's rights under the Missouri Human Rights Act, RSMo. §213.010 et seq. in that such actions created disparate treatment on account of her sex, that being female.

> **ANSWER:   Defendants deny the allegations in Paragraph 27. Further answering, Defendants deny they engaged in any discriminatory actions toward Plaintiff.**

28.     The aforesaid conduct of the Defendants and its employees were willful, intentional, wanton, oppressive and committed with reckless disregard for or deliberate indifference to the rights of Jost.

> **ANSWER:   Defendants deny the allegations in Paragraph 28. Further answering, Defendants deny they engaged in any discriminatory actions toward Plaintiff.**

29.     As a direct and proximate result of Defendant's actions Jost has lost wages, benefits of employment, suffered mental and emotional anguish, and incurred the costs of this action to redress the wrongs inflicted on Jost.

> **ANSWER:   Defendants deny the allegations in Paragraph 29. Further answering, Defendants deny they engaged in any discriminatory actions toward Plaintiff.**

WHEREFORE, Plaintiff Debora L. Jost prays this Court for the following relief:

a)       That the Court declare the actions of Defendants Gateway and John Kroot to be in violation of Plaintiff's rights under the Missouri Human Rights Act, RSMo. §213.010 et seq. based upon Plaintiff's sex.

b)       That Jost be awarded compensatory damages in excess of twenty-five thousand dollars ($25,000.00) from Defendants Gateway and Kroot on her cause of action.

c)       That Jost be awarded punitive damages from Defendants Gateway and Kroot for their malicious and/or reckless conduct in an amount to be determined at trial.

d)       That the costs of this action, including a reasonable attorney's fee, be taxed against Defendants Gateway and Kroot.

e)       That all issues of fact be tried by a jury as provided by §213.010 et seq.

f)       As a direct and proximate result of Defendants Gateway and Kroot's unlawful acts, Jost has suffered economic loss in the form of lost wages, lost benefits, and related consequential damages; vocational and professional losses in the form of a detrimental job record, career damage, a diminished career potential, and future pecuniary losses; emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental distress, in the form of physical stress, embarrassment, humiliation and anxiety.

g)       The discrimination described herein above against Jost by Gateway and Kroot was intentional, willful, wanton, malicious, and/or reckless indifference to the rights of others, thus entitling Jost to exemplary damages.

h)       That the Jost have, and recover, such other and further relief as this Court deems just and proper.

**ANSWER:       The "WHEREFORE" Clause in Plaintiff's Petition is not directed at Defendants and, therefore does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in the WHEREFORE Paragraph of Count I. Further**

**answering, Defendants deny Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph of Count I and/or any other relief.**

## COUNT II

### (Violation of MHRA-Sexual Discrimination)
### (Sexual Harrasment)

30.     Jost hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

    **ANSWER:     Defendants incorporate by reference their Answers to Paragraphs 1 through 29 as if fully set forth herein.**

31.     The conduct of the Defendants, as alleged above, affected a term, condition or privilege of the Plaintiff's employment.

    **ANSWER:     Defendants deny the allegations in Paragraph 31. Further answering, Defendants deny they engaged in any discriminatory/harassing actions toward Plaintiff.**

32.     The sexual harassment of Jost, as practiced by the Defendants and its employees, as alleged above was of a sexually discriminatory nature.

    **ANSWER:     Defendants deny the allegations in Paragraph 32. Further answering, Defendants deny they engaged in any discriminatory/harassing actions toward Plaintiff.**

33.     The sexual discrimination of Jost by the Defendants, and its employees, as alleged above, was sufficiently pervasive and severe to create a discriminatory environment for the Plaintiff.

    **ANSWER:     Defendants deny the allegations in Paragraph 33. Further answering, Defendants deny they engaged in any discriminatory/harassing actions toward Plaintiff.**

34.     The conduct of the Defendant and its employees, as alleged above, was engaged in while in the scope of, and during their course of employment.

**ANSWER:** **Defendants deny the allegations in Paragraph 34. Further answering, Defendants deny they engaged in any discriminatory/harassing actions toward Plaintiff.**

35.     The conduct of the Kroot, as alleged above, was engaged in while in the scope of, and during their course of employment.

**ANSWER:** **Defendants deny the allegations in Paragraph 35. Further answering, Defendants deny they engaged in any discriminatory/harassing actions toward Plaintiff.**

36.     Defendants Gateway and Kroot were fully informed, or should have been fully informed, to have had sufficient knowledge of the material facts and circumstances relevant to the conduct of the Defendant and its employees, and did nothing to prevent further acts of misconduct, acquiesced in, approved and ratified the actions of its employees, and is therefore liable for the actions of their employees.

**ANSWER:** **Defendants deny the allegations in Paragraph 36. Further answering, Defendants deny they engaged in any discriminatory/harassing actions toward Plaintiff.**

37.     The conduct of the Defendants and its employees, as alleged above constitutes sexual discrimination in violation of Jost rights under the Missouri Human Rights Act, RSMo. §213.010 et seq. in that such actions created disparate treatment on account of her sex, that being female.

**ANSWER:** **Defendants deny the allegations in Paragraph 37. Further answering, Defendants deny they engaged in any discriminatory/harassing actions toward Plaintiff.**

38.     The aforesaid conduct of the Defendants and its employees were willful, intentional, wanton, oppressive and committed with reckless disregard for or deliberate indifference to the rights of the Plaintiff.

**ANSWER:** **Defendants deny the allegations in Paragraph 38. Further answering, Defendants deny they engaged in any discriminatory/harassing actions toward Plaintiff.**

39.     As a direct and proximate result of Defendant's actions Jost has lost wages, benefits of employment, suffered mental and emotional anguish, and incurred the costs of this action to redress the wrongs inflicted upon them.

**ANSWER:     Defendants deny the allegations in Paragraph 39. Further answering, Defendants deny they engaged in any discriminatory/harassing actions toward Plaintiff.**

WHEREFORE, Plaintiff Debora L. Jost prays this Court for the following relief:

a)      That the Court declare the actions of Defendants Gateway and John Kroot to be in violation of Plaintiff's rights under the Missouri Human Rights Act, RSMo. §213.010 et seq. based upon Plaintiff's sex.

b)      That Jost be awarded compensatory damages in excess of twenty-five thousand dollars ($25,000.00) from Defendants Gateway and Kroot on her cause of action.

c)      That Jost be awarded punitive damages from Defendants Gateway and Kroot for their malicious and/or reckless conduct in an amount to be determined at trial.

d)      That the costs of this action, including a reasonable attorney's fee, be taxed against Defendants Gateway and Kroot.

e)      That all issues of fact be tried by a jury as provided by §213.010 et seq.

f)      As a direct and proximate result of Defendants Gateway and Kroot's unlawful acts, Jost has suffered economic loss in the form of lost wages, lost benefits, and related consequential damages; vocational and professional losses in the form of a detrimental job record, career damage, a diminished career potential, and future pecuniary losses; emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental distress, in the form of physical stress, embarrassment, humiliation and anxiety.

g)    The discrimination described herein above against Jost by Gateway and Kroot was intentional, willful, wanton, malicious, and/or reckless indifference to the rights of others, thus entitling Jost to exemplary damages.

h)    That the Jost have, and recover, such other and further relief as this Court deems just and proper.

> **ANSWER:    The "WHEREFORE" Clause in Plaintiff's Petition is not directed at Defendants and, therefore does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in the WHEREFORE Paragraph of Count II. Further answering, Defendants deny Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph of Count II and/or any other relief.**

## COUNT III

### (Unlawful Use of Name or Likeness)

40.    Jost hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

> **ANSWER:    Defendants incorporate by reference their Answers to Paragraphs 1 through 39 as if fully set forth herein.**

41.    After Jost was discharged, Defendants continued to use Jost's name and picture on its website and in mailings.

> **ANSWER:    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 41 and, therefore, deny the same.**

42.    Defendant Gateway's website advertised Plaintiff as a loan officer at Gateway's Chesterfield office.

> **ANSWER:    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 42 and, therefore, deny the same**

43.    Defendants' mailed advertising to current customers with Jost's picture and signature thanking customers for their business.

> **ANSWER:     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 43 and, therefore, deny the same.**

44.     Defendants' used Jost's name and likeness for advertising and promoting its services which included loans, mortgages and financial advice.

> **ANSWER:     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 44 and, therefore, deny the same.**

45.     Jost did not consent to Defendants' use of her name of likeness after she had been discharged.

> **ANSWER:     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 45 and, therefore, deny the same.**

46.     The aforesaid conduct of the Defendants and its employees were willful, intentional, wanton and committed with reckless disregard for or deliberate indifference to the rights of the Plaintiff.

> **ANSWER:     Defendants deny the allegations in Paragraph 46.**

47.     Jost has been damaged by the use of her name or likeness by Defendants.

> **ANSWER:     Defendants deny the allegations in Paragraph 47.**

WHEREFORE, Plaintiff Debora L. Jost prays this Court for the following relief:

a)     That the Court enter an Order finding that Defendants' unlawfully used Jost's name and likeness.

b)     That Jost be awarded compensatory damages in excess of twenty-five thousand dollars ($25,000.00) from Defendants Gateway and Kroot on her cause of action.

c)     That Jost be awarded punitive damages from Defendants Gateway and Kroot for their malicious and/or reckless conduct in an amount to be determined at trial.

d)	That the costs of this action, including a reasonable attorney's fee, be taxed against Defendants Gateway and Kroot.

e)	That Jost have, and recover, such other and further relief as this Court deems just and proper.

> **ANSWER:	The "WHEREFORE" Clause in Plaintiff's Petition is not directed at Defendants and, therefore does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations in the WHEREFORE Paragraph of Count III. Further answering, Defendants deny Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph of Count III and/or any other relief.**

## ANSWER TO ALL ALLEGATIONS

Defendants deny each and every allegation in Plaintiff's Petition that they did not specifically admit in this Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants incorporate herein by reference their answers to Plaintiff's allegations as set forth in their Answer to Plaintiff's Petition to support their affirmative defenses. In addition, Defendants set forth the following affirmative and other defenses. For their affirmative defenses (i.e., those defenses upon which they will have the burden of proof), as well as its other defenses, Defendants provide facts where appropriate based on their investigation to date and upon information and belief. As Defendants' investigation is ongoing, Defendants reserve the right to seek leave to amend this Answer to the extent just and appropriate, in accordance with the Missouri Rules of Civil Procedure.

1.	Plaintiff's Petition fails in whole or in part to state a claim upon which relief can be granted against Defendants as, among other things:

a.	Plaintiff has failed to set forth sufficient facts to prove (and cannot prove) that her sex was a contributing factor in the employment actions at issue in her Petition,

which allegation Defendants specifically deny. For example, Plaintiff's claim is supported by vague allegations that Defendants gave "preferential treatment" to a male Branch Manager who substantially outperformed Plaintiff and allegations of gender-based comments never raised with Defendants, each of which Defendants deny. Contrary to Plaintiff's claim, Defendants treated Plaintiff fairly and without regard to her gender. Gateway ultimately terminated her employment for only legitimate, non-discriminatory reasons related to her performance, which included substantial productivity failures.

      b.    Plaintiff has failed to set forth sufficient facts to prove (and cannot prove) she was subjected to a hostile work environment based on her sex, which allegation Defendants deny. For example, Plaintiff's claim is supported by only a few alleged stray remarks at an unspecified time, for which Plaintiff did not complain or otherwise take advantage of remedial measures. Although Defendants deny Plaintiff's allegations, the alleged comments were not severe and/or pervasive such that they would alter the terms and/or conditions of employment or create a hostile or abusive working environment, and no reasonable person would have believed them to do so.

      c.    Plaintiff has failed to set forth sufficient facts to prove (and cannot prove) Defendants used her name and/or likeness without her consent. For example, Plaintiff's claim is supported by only vague allegations providing no indication of the purported misuse, when it occurred, and/or how it damaged Plaintiff, each of which Defendants deny.

2.    This Court lacks jurisdiction over some or all of Plaintiff's claims, including because she failed to exhaust his administrative remedies. Among other things, Plaintiff's Petition includes allegations of discrimination that were not exhausted at the administrative level.

Plaintiff has not sufficiently alleged or shown exhaustion of administrative remedies such that this Court has jurisdiction over such claims.

3.      Plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, waiver, and/or estoppel. For example, Plaintiff cannot seek relief for alleged misuse of name or likeness where she had control over its use as Branch Manager, which prevented Defendants from taking action upon termination of her employment. Additionally, Plaintiff failed to take steps to notify Defendants of alleged continued use after termination of employment, which use Defendants deny. Defendants are in need of additional facts to further support this affirmative defense but hereby put Plaintiff on notice of the defense. See Roth v. Roth, 176 S.W.3d 735, 738 (Mo. Ct. App. 2005) (the purpose of Rule 55.08 is to put the plaintiff on notice of affirmative defenses).

4.      Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and/or applicable regulatory filing periods to the extent Plaintiff's claims seek to recover for alleged (but disputed) actions of discrimination or retaliation beyond the applicable statutes of limitations and/or the applicable regulatory filing periods.

5.      Plaintiff's claims are barred in whole or in part to the extent they exceed the scope of any Charge of Discrimination she timely filed and/or to the extent Plaintiff failed to exhaust required administrative remedies. As set forth in Paragraph 2 above, Plaintiff's Petition includes claims and/or theories outside the scope of any Charge of Discrimination and for which Plaintiff has not exhausted her administrative remedies such that she may pursue those claims and/or theories in this Court.

6.      Gateway (and Kroot as a former representative of Gateway) is an equal opportunity employer that does not discriminate against or harass employees on the basis of sex and/or any other protected status.

7.      Defendants are not liable for any alleged discrimination or harassment because, among other things, Defendants had measures in place to prevent and/or correct such discrimination and harassment including, among other things, policies prohibiting discrimination and harassment, and a multi-avenue complaint procedure.   Plaintiff failed to avail herself promptly of such measures.

8.      Defendants are not liable for any alleged discrimination or retaliation because Defendants acted promptly to investigate and address any and all alleged discriminatory or harassing behavior of which they were aware, the existence of which Defendants deny.

9.      Defendants would have made the same employment decisions with respect to Plaintiff, absent any unlawful or impermissible considerations, the existence of such unlawful or impermissible considerations Defendants specifically deny. Defendants refer to Paragraph 1 above, which summarizes some of the legitimate reasons for terminating Plaintiff's employment with Gateway.

10.      Defendants' actions with respect to Plaintiff were non-discriminatory, non-harassing, and non-pretextual, based on legitimate factors/reasons other than sex or any protected activity, and consistent with reasonable business judgment and necessity. Defendants refer to Paragraph 1 above, which summarizes some of the many legitimate reasons for terminating Plaintiff's employment with Gateway.

11.      Plaintiff consented to any use of her name and/or likeness at issue in this action, she did not revoke the consent, and Defendants' use did not exceed the scope of the consent.

12.     Defendants gained no advantage and no damage resulted from any use of Plaintiff's name and/or likeness, including alleged unauthorized use, which Defendants deny.

13.     Plaintiff is not entitled to recover any liquidated, exemplary, or punitive damages, the existence of which damages Defendants specifically deny, because, among other things, Defendants made a good faith effort to comply with all applicable laws, including but not limited to having a policy prohibiting discrimination and harassment on the basis of any protected status or activity, distributing its policies to all employees, and providing a multi-avenue complaint procedure for employees to report concerns regarding discrimination and harassment. Any employee(s) of Defendants who engaged in the conduct alleged, the existence of which conduct Defendants specifically deny, lacked sufficient authority to subject Defendants to liquidated, exemplary, or punitive damages.

14.     Upon information and belief, Plaintiff has failed to mitigate her claimed damages, the existence of which Defendants specifically deny. Thus, to the extent Plaintiff recovers any damages based on her claims against Defendants, the entitlement to which Defendants deny, Defendants are entitled to a set-off or credit against the damages awarded for such failure. Alternatively, to the extent Plaintiff has mitigated her damages, the existence of which Defendants specifically deny, Defendants are entitled to a set-off or credit for such mitigation. At this stage of the litigation, Defendants are in need of additional facts to further support this defense but hereby put Plaintiff on notice of the defense. See Roth v. Roth, 176 S.W.3d 735, 738 (Mo. Ct. App. 2005) (the purpose of Rule 55.08 is to put the plaintiff on notice of affirmative defenses).

15.     Compensatory damages, the existence of which Defendants specifically deny, are not available for some or all of Plaintiff's claim(s).

16.     Plaintiff's claims for punitive damages are not available under some or all of the applicable statutes, and are barred by the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Missouri Constitution. Plaintiff's claims for punitive damages are also barred by the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, made applicable to the states and territories by the Fourteenth Amendment.

17.     Plaintiff is not entitled to any exemplary and/or punitive damages because, to the extent Plaintiff suffered any discriminatory or harassing action, which Defendants specifically deny, such action(s) are contrary to Defendants' good faith efforts to comply with state and federal anti-discrimination laws, and because any employee(s) of Defendants who engaged in the conduct alleged, the existence of which conduct Defendants specifically deny, lacked sufficient authority to subject Defendants to punitive damages.

18.     Plaintiff is not entitled to recover her costs, expenses, expert witness fees, and/or attorneys' fees incurred in pursuing Count III of her Petition because Count III is a common law claim and no Missouri statute authorizes their recovery.

19.     Any injury to Plaintiff, the existence of which Defendants specifically deny, was not reasonably foreseeable, was not proximately caused by Defendants, and was caused by Plaintiff and/or by third parties over whom Defendants had no control or who were acting outside the course and scope of their employment with Defendants, and who were not acting in furtherance of Defendant's business. Consequently, Defendants are not liable for the alleged conduct.

20.     After conducting further investigation and discovery, Defendants may have an after-acquired evidence defense and therefore preserve such affirmative defense in this pleading.

See Roth v. Roth, 176 S.W.3d 735, 738 (Mo. Ct. App. 2005) (the purpose of Rule 55.08 is to put the plaintiff on notice of affirmative defenses).

21.     Defendants are currently without sufficient knowledge and information to form a belief as to whether Defendants may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses, including affirmative defenses if appropriate.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants request this Court dismiss Plaintiff's Amended Complaint in its entirety and award Defendants their costs, attorneys' fees, and any additional relief this Court deems just and proper.

Respectfully Submitted,

/s/ Curtis R. Summers
Curtis R. Summers                    MO Bar #58352
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000 Telephone
(816) 983-8080 Facsimile
curtis.summers@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 1st day of August, 2014, a copy of the above and foregoing was served via United States mail, postage pre-paid to:

Timothy P. O'Mara
Spector, Wolfe, McLaughlin & Omara LLC
710 S. Kirkwood Road
St. Louis, Missouri 63122
**Attorneys for Plaintiff**


*/s/ Curtis R. Summers*
**Attorneys for Defendants**